IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA MICHELLE McNEIL, (TDCJ #00555502) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3039 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

Texas state inmate Lisa Michelle McNeil filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the failure of the Texas Board of Pardons and Paroles to release her to mandatory supervision. The respondent, Lorie Davis, moves for summary judgment. In response, McNeil reasserted that she is entitled to release and filed an excerpt from a handbook published by the Parole Board. (Docket Entry Nos. 10, 12).

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, this court concludes that McNeil has not stated a meritorious ground for federal habeas relief, denies her § 2254 petition, and, by separate order, enters final judgment. The reasons are explained below.

**I.    Background**

McNeil was indicted for the felony offense of capital murder. A jury found her guilty of murder with a deadly weapon and, in March 1990, sentenced her to life imprisonment. In this federal habeas petition, McNeil challenges the Parole Board's failure to release her to mandatory supervision, not her underlying conviction or sentence.

In May 2018, McNeil filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure, asserting claims in connection with her eligibility for mandatory supervision release. *See Ex parte McNeil*, Application No. WR-88,847-01. In August 2018, the Texas Court of Criminal Appeals denied the application, without a written order or a hearing, on the findings of the trial court. *Id.* McNeil filed this federal habeas petition in August 2018, asserting that the Parole Board's failure to release her to mandatory supervision violated the state law in effect when she committed her holding offense. (Docket Entry No. 1, at 6).

## II. The Legal Standards

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state-court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it involves materially indistinguishable facts and arrives at a different result. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a different and inappropriate context, or unreasonably refuses to extend that principle to a context to which it should apply. *Williams*, 529 U.S. at 409. The issue is whether the state court's application was objectively unreasonable. *Id.* "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As the Supreme Court stated in *Richter*,

2

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

AEDPA requires federal habeas courts to defer to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a state-court decision on the merits based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court presumes the state court's factual determination to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31. This presumption extends not only to express fact findings, but also to implicit findings. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). Although Rule 56 applies in the context of habeas corpus cases, *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. AEDPA limited both the nature and availability of habeas review.

3

General summary judgment standards apply to the extent they do not conflict with AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

McNeil is representing herself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets McNeil's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. Discussion

A Texas inmate may become eligible for early release in two ways. The first is by parole; the second is by mandatory-supervision release. Parole is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). Mandatory supervision is "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Parole is discretionary, but an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

McNeil alleges that the Parole Board failed to release her to mandatory supervision in violation of the state law in effect when she committed the underlying offense in June 1988.

Contrary to McNeil's assertions, she is not eligible for mandatory supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.18 § 8(c)(1) (1987) (a prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for the first-degree felony offense of murder under Section 19.02 of the Texas Penal Code). Because the Texas legislature has specifically excluded prisoners like McNeil from mandatory-supervision eligibility, her claim is without merit. McNeil is also ineligible because she is serving a life sentence. *See Ex parte Franks*, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001) ("[A] life-sentenced inmate is not eligible for release to mandatory supervision."); *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (a state inmate serving a life sentence is not eligible for release under the Texas mandatory supervision statute and has no constitutionally protected liberty interest).

To the extent McNeil may assert that she has been improperly denied parole, she fails to state an actionable basis for federal habeas relief. A prison inmate is entitled to protection under the Due Process Clause only when an official action infringes on a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A state has no duty to establish a parole system, and there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) ("statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); G*reenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). The Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Tex. Board of Pardons & Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991). It is well settled that Texas inmates "have no protected liberty interest in parole."

*Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because McNeil has no right to, or liberty interest in, parole, she cannot state a due process claim based on the decision to deny it.

Finally, the Texas state habeas court addressed and rejected McNeil's contentions on the merits, concluding that McNeil's life sentence makes her ineligible for mandatory supervision. (Docket Entry No. 11-2, at 36). McNeil fails to demonstrate that the state court's rejection of her claim was unreasonable.

## IV. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 10), is granted; McNeil's petition for a writ of habeas corpus, (Docket Entry No. 1), is denied; and this civil action is dismissed, with prejudice. Any and all pending motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When relief is denied based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether McNeil stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on May 15, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge